**Opinion issued June 13, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00428-CV

———————————

**D. PATRICK SMITHERMAN, Appellant**

**V.**

**COMMISSION FOR LAWYER DISCIPLINE, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-10256**

---

## MEMORANDUM OPINION

This is an attempted appeal from an interlocutory order finding that appellant, D. Patrick Smitherman, committed professional misconduct as defined by the Texas Disciplinary Rules of Professional Conduct. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.

2001).  Interlocutory orders may be appealed only if authorized by statute.  *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

Here, the record reveals that no final judgment has been entered in this pending case.  The order signed by the trial court explicitly states that it is not final, and indicates that a final judgment will be entered after the trial court holds a separate sanctions hearing, as permitted by the Texas Rules of Disciplinary Procedure.  *See* TEX. R. DISCIPLINARY P. 3.09 (after a finding of professional misconduct, the trial court determines the appropriate sanction or sanctions), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (West 2013), 3.10 (trial court may, in its discretion, conduct a separate hearing and receive evidence as to the appropriate sanctions to be imposed), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (West 2013).

On May 24, 2013, the Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction on or before June 3, 2013.  *See* TEX. R. APP. P. 42.3(a). Appellant responded, arguing among other things that because Texas Rule of Disciplinary Procedure 3.10 authorizes the trial court to hold a separate hearing regarding sanctions, sanctions are not required to be included in a judgment from a disciplinary proceeding in order for that judgment to be final.  *See* TEX. R.

DISCIPLINARY P. 3.10. Appellant states that "a sanction is merely a way to enforce a final judgment in the context of attorney disciplinary matters" and that a sanction is "akin to an abstract of judgment or some type of post-judgment writ." He asserts that a sanctions hearing in the attorney disciplinary context is "a post-judgment proceeding, separate and apart from the act of making a judgment on underlying claims final." He further argues that the interlocutory order "disposed of the issues for which the trial proceeding was brought," and therefore should be appealable.

To the contrary, sanctions are a necessary part of the final judgment in disciplinary proceedings where there has been a finding of professional misconduct. *See* TEX. R. DISCIPLINARY P. 3.09 (after a finding of professional misconduct, the trial court shall determine the appropriate sanction or sanctions). In order for a judgment from a disciplinary proceeding to be final, the order must actually dispose of every pending claim and party or unequivocally state that it finally disposes of all claims and all parties. *See Lehman*, 39 S.W.3d at 205; *see also* TEX. R. DISCIPLINARY P. 3.16, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (West 2013) ("A final judgment of the district court . . . may be appealed as in civil cases generally."). Here, in its petition, the Commission for Lawyer Discipline sought a finding that appellant committed professional misconduct and sought various forms of relief, including sanctions. The interlocutory order only makes

findings regarding professional misconduct, and explicitly states that a separate hearing will be held to determine sanctions, as permitted by the Texas Rules of Disciplinary Procedure. *See* TEX. R. DISCIPLINARY P. 3.10. Accordingly, until the trial court has made a determination regarding sanctions, there is no final judgment in the underlying trial court cause. *See* TEX. R. DISCIPLINARY P. 3.09, 3.10. We have found no authority supporting appellant's claims that sanctions are merely a way to enforce a final judgment in a disciplinary proceeding or that a sanctions hearing in a disciplinary proceeding is a post-judgment proceeding. Likewise, appellant's claim that the interlocutory order disposes of the "issues for which the trial proceeding was brought" ignores the fact that sanctions are part of the relief sought by the Commission in its petition, and that the trial court explicitly noted in the interlocutory order that a separate hearing on sanctions would be held prior to the execution of a final judgment, as permitted.

Appellant's response does not demonstrate grounds for continuing this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.